**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL M. LUCERO,

        Plaintiff,

vs.                                       No. CIV 08-355 WJ/LFG

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**ORDER AMENDING AND ADOPTING MAGISTRATE JUDGE'S
ANALYSIS AND RECOMMENDED DISPOSITION
<u>AND REMANDING CASE FOR ADMINISTRATIVE HEARING</u>**

I.      <u>INTRODUCTION</u>

THIS MATTER is before the Court on the Magistrate Judge's Analysis and Recommended Disposition ("R&R"), filed March 13, 2009. [Doc. 26.] After an extensive review of the factual background of Plaintiff Michael M. Lucero's ("Mr. Lucero") medical history and disability claims, the Chief United States Magistrate Judge recommended denying Lucero's motion to reverse or remand and dismissing the case, with prejudice.

On March 27, 2009, Mr. Lucero filed "Objections to Magistrate Judge's Analysis and Recommended Disposition." [Doc. 27.]   The Court now conducts its *de novo* review of the Magistrate Judge's R&R to which Mr. Lucero objects.  28 U.S.C. § 636(b)(1).

II.    OBJECTIONS and *DE NOVO* REVIEW

    **A.    Alleged Due Process Violation:**

    Lucero objects to the Magistrate Judge's finding that Lucero's due process rights were not violated during the administrative law judge ("ALJ") hearing when the ALJ interrupted Mr. Lucero's attorney on several occasions and restricted the hypothetical questions Mr. Lucero's attorney attempted to present to the vocational expert ("VE").  Mr. Lucero continues to argue that the ALJ did not allow his attorney to narrow the questioning to the VE concerning the vocational impact of moderate impairments in both Mr. Lucero's ability to maintain social functioning and to maintain concentration, persistence and pace. [Doc. 27, p. 2.]

    In support of his objections, Mr. Lucero claims that there was objective medical evidence to support the limitations he sought to present in the hypothetical to the VE.  On May 9, 2005, consulting physician Scott Walker found moderate limitations in Mr. Lucero's ability to maintain social functioning and moderate limitations in his ability to maintain concentration, persistence or pace. [Record Proper ("RP") 169.] On the same date, Dr. Walker determined that Mr. Lucero had moderate limitations in his ability to: maintain attention and concentration for extended periods; perform activities within a schedule; maintain regular attendance and be punctual; work in coordination with or proximity to others without being distracted; complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them; and, respond appropriately to changes in the work settings. [RP 173, 174.]

2

The Magistrate Judge concluded that there was substantial evidence to support the ALJ's determination to assign little weight to Dr. Walker's conclusions. The ALJ's assessment of Dr. Walker's opinions was based on treating physician's conclusions that she found contradicted Dr. Walker's conclusions. [RP 17-18.] While the ALJ described the physicians' reports on which she relied to find contradictions, she relied in one instance on the evaluation of a doctor, who was not a mental health specialist. In the other instance, the ALJ relied on one portion of a psychiatrist's report while she assigned little evidentiary weight to other parts of that same psychiatrist's conclusions. "It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir.2004)

The Court is not convinced that substantial evidence supports the ALJ's decision to discount Dr. Walker's conclusions as to mental health limitations. For example, while the ALJ relied, at least in part, on the examining psychiatrist's opinions, that same psychiatrist found that Mr. Lucero was "verbose" and "rambling" and had "some difficult focusing on the topic. Mr. Lucero appeared "anxious" and "depressed" and exhibited an "irritable mood." He also exhibited a "somewhat constricted affect" and a "disorganized presentation." He was "somewhat withdrawn socially." [RP 156.] These findings or observations by the psychiatrist may be consistent with the limitations found by the non-examining psychiatrist. At a minimum, there appears to be a conflict in the record regarding Mr. Lucero's mental health-related limitations. Thus, the Court sustains Mr. Lucero's objections and remands for a re-hearing so that these conflicts can be examined and resolved.

**B.     Alleged Error Regarding Transferability of Skills**

Mr. Lucero also objects to the Magistrate Judge's conclusion that it was harmless error for the ALJ to fail to make specific findings identifying his skills and specific findings regarding the transferability of those skills.  Mr. Lucero argues that the Magistrate Judge failed to address controlling law that requires the Commissioner to come forward with substantial evidence of skill transferability. [Doc. 27, pp. 2-3.]

The ALJ determined that Lucero's prior relevant work was performed at a "skilled" level. The ALJ further concluded that "transferability of job skills is not material to the determination of disability," [RP 23], perhaps reasoning that she need not engage in a detailed analysis of skills if the positions the claimant could perform were less than skilled, i.e., semi-skilled (file clerk and teacher's aide) or unskilled (cashier). [RP 23.] The ALJ did not explain why she found that transferability of job skills was not material to the analysis.  Moreover, the Commissioner, in its response to the motion to reverse, did not address this argument.

The Magistrate Judge found that even if this was error, it was harmless error based on evidence of Lucero's education, two-year associate's degree and previous work in a skilled position. Thus, the Magistrate Judge concluded that there was evidence to demonstrate that Mr. Lucero could perform positions that required less skill than his previous work.

Some support exists for the Magistrate Judge's view.  In Redick v. Chater, 1996 WL 250670 at *6 (D. Kan. Apr. 26, 1996) (unpublished), the district court noted that "[t]ransferability is most probable among jobs in which the same or a lesser degree of skill is required . . . ."  "The regulations do not require an exact match between prior work and work to which skills may transfer." Id.  When the VE testified that the claimant's prior work was skilled and that the positions he could perform

were semi-skilled, sufficient evidence exists that "the same or a lesser degree of skill is required, . . . , a factor pointing toward transferability." Id.

However, this is not an area of the law that has been addressed extensively. Moreover the District of Kansas Court did not expressly state whether the ALJ is required to make findings about the skills acquired in previous work and those needed in positions the VE identifies the claimant can perform.

In Dikeman v. Halter, 245 F.3d 1182 (10th Cir. 2001), the Tenth Circuit Court of Appeals found that the ALJ determination that a plaintiff had transferable skills, and therefore, was not disabled, was not supported by substantial evidence. "The Secretary must show that specific skills actually acquired in [past relevant work] are transferable to [other jobs]." Id. at 1187-88 (internal citations omitted). Thus, the Court remanded, instructing the ALJ to make specific findings as to the particular skills the plaintiff may have acquired and the specific jobs to which those skills were transferable. Those findings were to be based on substantial evidence in the record.

The Court finds that the same is true for this case. While Mr. Lucero worked for a year or less as a customer services representative at AOL, it appears that he missed work frequently during that year. It is not clear what skills he obtained during his short tenure with AOL. Thus, it is even more important that the ALJ develop the record to determine what skills Mr. Lucero obtained and for what specific jobs those skills might be transferable. *See also* Dollar v. Bowen, 821 F.2d 530, 535-36 (10th Cir. 1987) (vocational testimony offered no evidence that claimant's skills were transferable to other work categories).

For these reasons, the Court sustains Mr. Lucero's objections as to the required findings for transferability of skills and remands for a rehearing so that the record can be developed as to the

transferability factors.  *See id.* at 536 (same or lesser skill levels, sameness or similarity of tools or machines, sameness or similarity of raw materials, products, processes, or services).

      **C.**      **Alleged Error Regarding RFC Findings**

      Because the Court is remanding on the above two grounds, it need not discuss, in depth, Mr. Lucero's remaining objections.  Upon remand, the Court should re-evaluate its RFC findings to determine whether substantial evidence in the objective medical record supports the inclusion of Mr. Lucero's limitations from depression or anxiety.  The Court observes that there are a number of medical records mentioning depression or anxiety, along with treatment Mr. Lucero received for depression and anxiety. [RP 124, 125, 126, 127, 128, 129, 130, 131, 133, 141, 153, 155, 156, 159, 173, 197, 206, 238.]  While the ALJ did not find Mr. Lucero's depression or anxiety "severe" at step two of the analysis, it is well-settled that in determining a claimant's RFC, the ALJ must consider all of a claimant's impairments, even if they are not "severe."  Wall v. Astrue, __ F.3d __, 2009 WL 522867 at *24 (10th Cir. Mar. 3, 2009) (internal citation omitted).

      The same is true for Mr. Lucero's limitations from his upper arm impairments.  The ALJ found that Mr. Lucero had been diagnosed with severe impairments including chronic right ulnar neuropathy to the right arm.  The medical records are replete in showing testing and treatment for Mr. Lucero's arm condition.   The ALJ should consider the objective medical evidence in determining Mr. Lucero's RFC.  In addition, should the ALJ disregard Mr. Lucero's treating doctor's opinions regarding Mr. Lucero's arm impairment(s), she should do so in accordance with Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003).

      While the ALJ explained that she afforded greater weight to the evaluation by a one-time examining physician than to Mr. Lucero's treating doctor's opinions, she did not state what amount

of weight, if any, she gave the treating physician's opinions.  Instead, her discussion of the treating

physician's records are somewhat mystifying.  She states, for example, that "nothing in [the treating

doctor's] treatment notes negates the conclusion that if the claimant were not required to use his

right hand or arm on a repeated basis, he is able to work a full five-day or 40-hour workweek." [RP

20.] The ALJ proceeded to determine, with the assistance of the VE's testimony, that Mr. Lucero

could perform the activities of a cashier.  That position would seem to require the use of the right

hand of a right-handed individual on a repeated basis, which appears contrary to the ALJ's earlier

statement.

On remand, the ALJ should consider whether substantial medical or objective evidence

supports including the limitations as to Mr. Lucero's upper arm extremities in the RFC analysis.

III.    <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that Mr. Lucero's objections to the Magistrate Judge's R&R

are sustained and that the findings and recommended disposition of the United States Magistrate

Judge are amended and adopted accordingly.

IT IS FURTHER ORDERED that Mr. Lucero's motion to remand is granted with the result

that this matter be remanded for a rehearing before the administrative law judge in accordance with

this decision.

_____
UNITED STATES DISTRICT JUDGE